UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

VINCENT LOUIS SCOTT                                                   PLAINTIFF

v.                                                        CIVIL ACTION NO. 5:09CV-P152-R

CITY OF LOUISVILLE METRO et al.                               DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Vincent Louis Scott, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

First, the Court notes that the complaint lists as Plaintiffs Vincent Louis Scott and Barry Wayne Rayner. However, none of the allegations in the complaint appear to pertain to Mr. Rayner, Mr. Rayner did not sign the complaint, and Mr. Rayner did not submit an application to proceed without prepayment of fees. Indeed, the complaint, which is signed only by Vincent Scott, refers only to "plaintiff" not "plaintiffs" and uses the term "I" not "we." Further, at the top of the complaint, it states "seeking class action status with case no. 3:09-cv-48-M." That case was brought by Mr. Rayner against many of the same Defendants and making many of the same assertions as Plaintiff Scott makes in the instant action. Therefore, the Court finds that Mr. Rayner is not actually a plaintiff in this action but rather Plaintiff Scott wishes this case to be consolidated with Mr. Rayner's action. That request is denied, however, since, among other things, Mr. Rayner's case has been dismissed.

Plaintiff Scott (hereinafter, simply, "Plaintiff") sues in their individual and official

capacities Mayor Jerry Abramson; Governor Steve Beshear; State Treasurer Todd Hollenbach; Jonathon Miller, Secretary, Kentucky Finance and Administration Cabinet; Kentucky Senate President David L. Williams; Greg Stumbo, Speaker of the Kentucky House of Representative; Mark Bolton, Director of Louisville Metro Department of Corrections (LMDC); state-court judges Barry Willett and Janet P. Coleman; Ed Monahan, Department of Public Advocacy (DPA); Commonwealth's Attorney R. David Stengel; Chief Public Defender Daniel Goyette; John Meyers, Executive Director of the Kentucky Bar Association (KBA); Kentucky Attorney General Jack Conway; Assistant Public Defender Michael Bufkin; Assistant Commonwealth Attorney Elizabeth Jones Brown; Louisville Metro lead detective John Shifflett; Louisville Metro police officer Mona Sullivan; Forensic Examiners Melissa D. Brown and Dawn R. Katz; Public Defender Shelia A. Kyle-Reno; and Probation Officer Steven Whiteley. He also sues the city of Louisville Metro and the Hardin County, Kentucky, Prosecutor's Office.

Plaintiff alleges that Defendants have a long-standing unwritten policy of inaction that tolerates violations of federal rights under color of state law. In particular he points to underfunding of the DPA. He states that he was arrested and imprisoned in the Calloway County Jail and that he is indigent and forced to conduct his own defense when public defender Bufkin proved to be ineffective. He alleges that Defendants Stengel, Conway, Brown, Stumbo, Kyle-Reno, Coleman and the Hardin County Prosecutor's Officer are prosecuting him in violation of the Fourth and Fourteenth Amendments. He alleges that Defendants' Sixth Amendment violations deny him his access to the courts. Specifically, he alleges that vital evidence was not collected or processed because Defendants Shifflett or Sullivan did not locate or analyze a crime scene in violation of the Louisville Metro Police Department's own procedures. He alleges that

Defendant Bufkin refused to challenge the manner in which Plaintiff's DNA was collected despite Plaintiff's requests to do so. He further alleges that Defendant Melissa Brown has conspired with Defendant Katz to present flawed DNA evidence in violation of his due-process right, that Defendant Sullivan gave hearsay testimony to the grand jury, and that Defendant Willett violated his due-process right by setting a trial date when Plaintiff moved to dismiss because his public defender was ineffective. As relief, Plaintiff wants monetary and punitive damages and injunctive relief in the form of prohibiting Defendants from prosecuting him.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A. *Claims against state-court judges*

Plaintiff's claims against the state-court judges must be dismissed. His claims for monetary damages against the state judges are barred by the doctrine of absolute judicial

3

immunity, under which judges are immune from monetary liability for decisions made within the scope of their official functions. *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004).

Plaintiff's claims for injunctive relief against these Defendants also do not succeed. Section 1983 provides in pertinent part that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Plaintiff does not allege any facts suggesting that a declaratory decree was violated or that declaratory relief was unavailable. Therefore, Plaintiff's claims against Defendants Willett and Coleman under § 1983 for injunctive relief also fail to state a claim. *See Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006).

*B.     Claims against DPA attorneys*

Plaintiff sues the following public defenders: Ed Monahan, Daniel Goyette, Michael Bufkin, and Sheila Kyle-Reno. It is firmly established that a defense attorney, regardless of whether he is a public defender or private attorney, is not a state actor for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Thus, Plaintiff fails to state a claim under § 1983 against these Defendants regarding any performance of a traditional lawyer function.

To the extent that Plaintiff's complaints about DPA counsel stem from their being

4

underfunded, he does not argue that they are underfunded due to the allocation of resources within DPA.  Thus, this case is distinguishable from *Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592 (6th Cir. 2007), in which the Sixth Circuit held that the Public Defender could be a § 1983 state actor where the allegations involved the Public Defender's administrative acts to allocate resources in such a way as to violate the Constitution.  Plaintiff's claims against Defendants Monahan, Goyette, Bufkin, and Kyle-Reno will be dismissed for failure to state a claim.

C.      *Claim against probation officer*

Plaintiff's complaint against Defendant Whiteley seems to be that in court Defendant Whitely, his probation officer, did not say anything in his behalf even though Defendant Whiteley had no problem from Plaintiff in terms of calling, reporting, keeping a job, and staying out of trouble.  A probation officer performing duties to ensure that a probationer is complying with the terms of probation and evaluating that compliance is entitled to absolute, quasi-judicial immunity from liability in a civil rights action.  *See Loggins v. Franklin County, Ohio*, 218 F. App'x 466, 476-77 (6th Cir. 2007); *Timson v. Wright*, 532 F.3d 552, 552 (6th Cir. 1976) (per curiam). Plaintiff's complaint concerns Defendant Whiteley's performance of his duty as a probation officer.  As such, Plaintiff's claims against him must be dismissed.

D.      *Claims against Defendant Meyers, Executive Director of the KBA*

According to the complaint, Defendant Meyers is the Executive Director of the Kentucky Bar Association.  However, the United States Constitution does not apply to the conduct of private persons; it applies to conduct by the government.  *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 620 (1991).  A private citizen is not liable for an alleged constitutional

5

violation unless: (1) "the claimed constitutional deprivation resulted from the exercise of a right or privilege having its source in state authority"; and (2) "the private party charged with the deprivation could be described in all fairness as a state actor." *Id.* "The Kentucky Bar Association is a private actor which does not derive its authority from the state, and it is therefore not subject to a § 1983 claim." *Jordan v. Kentucky*, No. 3:09CV-424-M, 2009 WL 2163113, at *4 (W.D. Ky. July 16, 2009) (*citing*, *inter alia*, *Bier v. Fleming*, 717 F.2d 308, 311 (6th Cir. 1983); *Gerena v. Puerto Rico Legal Servs., Inc.*, 697 F.2d 447, 451-52 (1st Cir. 1982)). For these reasons, Plaintiff's claims against Defendant Meyers will be dismissed for failure to state a claim upon which relief may be granted.

*E.     Claims against prosecuting attorneys*

Plaintiff's claims against the prosecutorial defendants, Defendants R. David Stengel, Jack Conway, Elizabeth Jones Brown, Greg Stumbo,[1] and the Hardin County Prosecutor's Officer are also barred. Plaintiff's claims against the prosecutorial defendants relate to their conduct in their role as advocates. To the extent the prosecutorial defendants were acting in their roles as advocates, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth of Kentucky's case, they enjoy absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *see also Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury). Moreover, federal courts have no general power to compel action

---

[1] Although the complaint correctly identifies Defendant Stumbo as the current Speaker of the Kentucky House of Representatives, Plaintiff's claims against Defendant Stumbo appear to relate to Defendant Stumbo's prior office, Attorney General.

by state officers in the performance of their duties. *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) (per curiam); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970). Therefore, Plaintiff's claims against these Defendants will be dismissed for failure to state a claim.

F.  *Claims against Beshear, Hollenbach, Miller and Williams*

Although Plaintiff lists these persons as Defendants, his complaint contains no allegations against them. As he has raised no claims against these state officials, his claims against these Defendants will be dismissed for failure to state a claim. *See Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986).

G.  *Claims against Louisville Metro Police Defendants*

Plaintiff sues lead detective Shifflett, police officer Sullivan, and forensic examiners Brown and Katz. He alleges that Defendants Shifflett and Sullivan did not locate or analyze a crime scene in violation of the police department's operating procedures. However, Plaintiff does not allege that these Defendants violated constitutional or federal law.

Plaintiff also alleges that Defendant Sullivan testified before the grand jury instead of Defendant Shifflett thereby allowing in hearsay, which prejudiced the proceeding and was misconduct as well as a violation of the Fourteenth Amendment. However, police officers are immune with regard to testimony before a grand jury. *Alioto v. City of Shively, Ky.*, 835 F.2d 1173, 1174 (6th Cir. 1987).

Plaintiff alleges that Defendants Brown and Katz conspired to present flawed DNA evidence violating his due-process right which caused him to be seized and detained for no reason. Although the forensic-examiner Defendants would not be immune for falsifying DNA

7

evidence, *see Gregory v. City of Louisville*, 444 F.3d 725, 742 (6th Cir. 2006),[2] dismissal of this claim is still appropriate.

Under *Younger v. Harris*, 401 U.S. 37 (1971), "a federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury." *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996) (citing *Younger*). "*Younger* abstention in civil cases requires the satisfaction of three elements. Federal courts should abstain when (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997).

According to the complaint, Plaintiff has a pending state criminal case against him. The state has an important interest in adjudicating that criminal case. In light of the available avenues through which to raise a constitutional challenge, this Court will not interfere with an ongoing Kentucky state-court proceeding. While federal court relief might be a possibility in the future should state court remedies prove unavailable, Plaintiff has failed to show that the state courts are unable to protect his interests at this time.

The record therefore indicates that *Younger* abstention is appropriate with respect to Plaintiff's claim against Defendants Brown and Katz. *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001) (*Younger* abstention counsels federal court to refrain from adjudicating matter otherwise properly before it in deference to ongoing state criminal

---

[2] The Court notes that *Younger* abstention was not at issue in the *Gregory* case as the plaintiff in that case had been convicted and the charges against him were later dismissed before he brought his § 1983 suit.

proceedings). Where *Younger* abstention is appropriate, it requires dismissal of those claims without prejudice. *Zalman v. Armstrong*, 802 F.2d 199, 207 n.11 (6th Cir. 1986).

*H.     Claims against Louisville Metro Defendants*

Plaintiff's remaining claims are those against LMDC Director Bolton, the City of Louisville, and Mayor Abramson. He alleges that Defendant Bolton is violating his Sixth Amendment rights by obstructing Plaintiff's right to access the court, witnesses, and other tools necessary to prepare for his defense. However, Plaintiff does not allege any prejudice to pending litigation. In order to state a claim for a denial of access to the courts, a prisoner must demonstrate actual prejudice to pending litigation that challenges his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996).

Plaintiff also states that Defendant Bolton allows people to deposit money to inmates without making the inmates aware that the money cannot be withdrawn without a sergeant's permission, and he asserts that this policy is not in the handbook. However, Plaintiff has not alleged that requiring a sergeant's permission to withdraw money violates the Constitution or federal law. He further states that Defendant Bolton is responsible for the recreation department and that inmates are supposed to have one hour a day for recreation but that only twelve inmates out of thirty are allowed recreation. Plaintiff does not allege that he was not allowed out for recreation. Plaintiff may only assert those claims, which are personal to him. *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also Coal Operators & Assoc., Inc. v. Babbitt*, 291 F.3d 912, 915-16 (6th Cir. 2002). The claims against Defendant Bolton in his individual capacity will be dismissed for failure to state a claim.

If an action is brought against an official of a governmental entity in his official capacity,

9

the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claims against Defendants Bolton and Abramson in their official capacities are actually brought against the City of Louisville government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Here, Plaintiff has not shown that a constitutional violation occurred with regard to access to the courts or alleged that the deposit of money into inmate accounts is a constitutional violation. Nor has he alleged that he was denied recreation. The Court will dismiss these claims against Defendants Bolton and Abramson in their official capacity and against the City of Louisville.

Finally, Plaintiff's complaint makes no allegation against Defendant Abramsom, and thus the individual-capacity claim against that Defendant must be dismissed as well.

*I.    State-law claims*

Because Plaintiff's federal-law claims will be dismissed, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state-law claim. *See* 28 U.S.C. § 1367(c)(3). Those claims will be dismissed without prejudice.

## III. CONCLUSION

For the foregoing reasons, by separate Order, the Court will dismiss his state-law claims against all Defendants and his federal claim against Defendants Melissa Brown and Dawn Katz without prejudice and will dismiss Plaintiff's other federal claims with prejudice.

Date:

cc: Plaintiff, *pro se*
 Defendants
 Jefferson County Attorney
4413.009